25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brook Byron ELLIS, Defendant-Appellant.
 No. 93-1811.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant, Brook Byron Ellis, appeals from the order of the district court imposing three concurrent 151-month prison sentences upon him for bank robberies committed in July of 1992. Specifically, Ellis challenges the court's ruling finding him to be a career offender. He contends, first, that the previous violent felonies for which he was convicted were so "related" that they cannot be counted as multiple prior convictions in determining his status as a career offender. He further claims that the district court erred in raising the offense level of his sentence on the ground that an express threat of death had been communicated to a bank teller during one of the robberies. We find that the first contention has been waived and that the second is moot, and we therefore affirm the judgment of the district court.
 
 
 2
 On November 3, 1992, Ellis pleaded guilty to robbing two banks in the greater Detroit area on July 6, 1992. On March 29, 1993, he also pleaded guilty to robbing a Las Vegas bank on July 16, 1992, after this prosecution was transferred pursuant to Fed.R.Crim.P. 20(a). Throughout the sentencing process, Ellis admitted that during one of the Michigan robberies, he had passed a note to a bank teller that contained the following message: "Don't touch the silent alarm button[;] put $15,000.00 in large bills. I have a gun, no tricks you won't get hurt. Do it now!" Furthermore, he did not contest the fact that he had been convicted in April 1980, August 1980, and August 1981 for four different robberies in New York, Illinois, and Massachusetts.
 
 
 3
 At the sentencing hearing, the district court decided that the base offense level of 20 for the crime of robbery should be increased a total of four levels because each of the 1992 robberies involved a financial institution, U.S.S.G. Sec. 2B3.1(b)(1), and because "[t]he defendant utilized a demand note which communicated an expressed threat of death or serious bodily injury if the teller did not comply." See U.S.S.G. Sec. 2B3.1(b)(2)(F). An additional upward adjustment of three levels was made because of the multiple counts for which Ellis was convicted, and a negating downward adjustment of three levels was made because of Ellis's acceptance of responsibility for the crimes. The district court nevertheless concluded that the resulting offense level of 24 was irrelevant in this case because Ellis fit the criteria for a career offender under U.S.S.G. Sec. 4B1.1 and was thus subject to sentencing at offense level 29, category VI. The court then imposed concurrent prison terms of 151 months on the defendant for each of the three 1992 bank robberies.
 
 
 4
 In his first issue, Ellis contends that the district court erred in sentencing him as a career offender. Although he admits four prior convictions for crimes of violence, he submits that all those crimes were "related" and were committed as part of a common scheme or plan. Consequently, Ellis argues that his previous robbery convictions should have been considered as only one prior conviction. U.S.S.G. Sec. 4A1.2, Application Note 3.
 
 
 5
 Ellis did not, however, challenge his career offender designation in the trial court. In fact, an extensive sentencing memorandum prepared before the sentencing hearing by Ellis's counsel conceded that the defendant was subject to the career offender sentencing guidelines. Later, at the sentencing hearing, in discussing the career offender status, defense counsel stated, "We do not contest that he fits technically within that sentencing enhancement...."
 
 
 6
 As reiterated recently in Unites States v. Fountain, 2 F.3d 656, 669-70 (6th Cir.) cert. denied, 114 S.Ct. 608 (1993), "[a]bsent 'plain error,' this court will not address claims of alleged misapplication of the guidelines unless the defendant first raised the claim before the district court." See also United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Clearly, the defendant's challenge to his career offender status was not raised in the district court. Moreover, no "plain error" is present in this case because the career offender designation was justified by Ellis's prior record. U.S.S.G. Sec. 4A1.2, Application Note 3 provides, "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest." The presentence report in this case establishes that Ellis was arrested for armed robbery of an Illinois gas station on November 27, 1979. The defendant then robbed a bank in Chicago one month later on December 26, 1979. At least those two prior crimes of violence were, therefore, "separated by an intervening arrest" and should not be considered "related" so as to render the career offender designation inapplicable.
 
 
 7
 Because Ellis failed to challenge the career offender designation in district court and because the district court did not "plainly err" in applying that designation in Ellis's case, the defendant's first issue is not properly before the Court for review. Also, because the career offender designation thus cannot be challenged in this appeal, Ellis's allegation of error concerning the proposed increase in offense level based upon an express threat of death to a bank teller is moot.
 
 
 8
 The judgment of the district court is AFFIRMED.